**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3681-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HECTOR ROYAL,

    Defendant-Appellant.

_____

Submitted August 30, 2017 — Decided September 22, 2017

Before Judges Alvarez and Gooden Brown.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 03-10-1134.

Joseph E. Krakora, Public Defender, attorney for appellant (Charles H. Landesman, Designated Counsel, on the brief).

Grace H. Park, Acting Union County Prosecutor, attorney for respondent (N. Christine Mansour, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Hector Royal appeals the March 3, 2016 Law Division order denying him post-conviction relief (PCR) after an

evidentiary hearing. The hearing was conducted on our remand to address the question of whether trial counsel's failure to call an alibi witness constituted ineffective assistance of counsel. See State v. Royal, No. A-1029-13 (May 29, 2015). We affirm.

Defendant's direct appeal was denied in an unpublished opinion. State v. Royal, No. A-6520-05 (Feb. 27, 2009). His petition for certification to the Supreme Court was also denied. State v. Royal, 199 N.J. 516 (2009).

A jury found defendant guilty of three counts of first-degree robbery, N.J.S.A. 2C:15-1; second-degree burglary, N.J.S.A. 2C:18-2; second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(d). He was sentenced on November 18, 2005, to an aggregate thirty-year term of imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

As more fully detailed in our earlier decisions, the charges stemmed from defendant's participation in the armed robbery of a warehouse. Three masked assailants forced several employees to strip and locked them in a freezer. They threatened a worker who entered the building while the robbery was occurring, and duct taped his mouth and hands. All the assailants were armed with handguns. One co-defendant was arrested at the scene, and a second, Omar Jones, was apprehended shortly thereafter. Jones

turned State's witness and identified defendant as the third perpetrator.

Approximately two weeks after the incident, defendant was interviewed, after being given his Miranda[1] warnings, by Linden Police Detective Andrew Spano. During the interview, Spano told defendant that fingerprints had been found in the get-away vehicle. Defendant promptly asked, "You mean the Mazda?" Spano had not told the defendant the make of the car, so although defendant denied being an accomplice, his question itself was inculpatory.

When interviewed, defendant also claimed he could not remember his whereabouts during the relevant time frame, the night of January 17 into the early morning hours of January 18, 2002. He did not mention Dawn Haher, the mother of two of his children, as a potential alibi witness.

At the PCR hearing, Haher testified that although she could not specifically recall the evening in question, she was sure defendant was with her because at the time she was pregnant with their second child, and they "were always together." Haher also testified that she appeared at the courthouse during defendant's trial anticipating that she would be called as a witness, only to

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

be told by defendant's trial attorney — who died before the PCR hearing -- that he did not need her, but she could remain in the courtroom. Counsel had interviewed Haher and served the State with notice of an alibi defense. Haher was arrested that day, while at the courthouse, for unsatisfied municipal fines.

Prior to defendant's trial, Haher had been contacted by the prosecutor's office and said that she was not going to be a witness for defendant. The call was made less than three weeks after Haher met with the public defender's investigator and claimed that she was with defendant at the time.

On the stand during the PCR hearing, Haher insisted that she was with defendant on the relevant date, but could not recall anything the parties had done that evening. She could not explain the reason she failed to go to the police or the prosecutor after defendant's arrest. Haher could not recall defendant's employment at the time, or his activities during the day when she was either at work or at school. She could not explain the reason she recalled that particular date.

In his findings of fact, the judge who denied the PCR petition noted that Haher and defendant had been living together for some years before the robbery. He also noted that she repeatedly said that she and defendant were apart only when she was either at work or in school because she was pregnant at the time, but that she

4

could not recall the date of defendant's arrest. The judge observed: "[Haher] continually reiterated that she knew that she was with the defendant on the date in question, but she couldn't recall what they were doing. She knew she was with him because she was always with him. She couldn't recall details of what they did on that day."

Applying the Strickland[2] test, the judge held that defendant had failed to meet the burden of proof as to the first prong. Although the judge found some of Haher's testimony credible, including that she met with trial counsel at the courthouse, the judge concluded that "her testimony as to where the defendant was on the date in question is equivocal. Now her recollection is equivocal." He opined that because Haher's testimony was unconvincing, and would have been unconvincing at trial in light of Spano's testimony, trial counsel had made a strategic decision to not call her. That strategic decision could not be the basis for an ineffective assistance of counsel claim. State v. Castagna, 187 N.J. 293, 314-15 (2006) ("Trial counsel's strategic and tactical decisions will not ordinarily provide the basis for a

---

[2] Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2064, 2068, L. Ed. 2d 674, 693, 698 (1984).

finding of ineffective assistance of counsel, even if they are miscalculations.")

Additionally, defendant failed to meet the second prong of the Strickland test. He failed to establish that there was a reasonable probability that, had Haher testified, the outcome would have been different. Since neither prong was met, the motion was denied.

On appeal, defendant raises the following issue for our consideration:

> POINT I
>
> DEFENDANT'S CONVICTIONS SHOULD BE VACATED AND HE SHOULD BE GIVEN A NEW TRIAL BECAUSE HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT HIS TRIAL.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a criminal defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, supra, 129 N.J. at 459 (citations omitted). "To sustain that burden, specific facts" that "provide the court with an

adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

In determining whether a defendant is entitled to relief based on claims of constitutionally ineffective assistance of counsel, our courts apply the Strickland test. Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 693, 698. The first prong of the familiar test requires a defendant to establish that counsel's performance was deficient. Id. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

To satisfy the first prong of Strickland, a defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Fritz, 105 N.J. 42, 52 (1987) (quoting Strickland, supra, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694).

To meet the second prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. A defendant must also establish "how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26, 104 S.Ct. 2039, 2047 n.26, 80 L.Ed. 2d 657, 668 n.26 (1984).

We defer to a PCR judge's factual findings at a plenary hearing when they are based on "adequate, substantial and credible evidence." State v. Harris, 181 N.J. 391, 415 (2004) (internal quotation marks omitted), cert. denied, 545 U.S. 1145, 125 S. Ct. 2973, 163 L. Ed. 2d 898 (2005). When addressing issues of credibility, we acknowledge a trial judge has a unique "opportunity to hear and see the witnesses and to have the 'feel' of the case[.]" State v. Johnson, 42 N.J. 146, 161 (1964).

It is undisputed that defendant's trial counsel considered calling Haher as a defense witness. Because of the nature of her testimony, however, which the trial judge generously described as "equivocal," but that we would describe as "unconvincing," more harm than good might have been done to defendant. It may indeed have been a strategic decision to forego having the jury question defendant's bona fides by having a witness, whose credibility was doubtful, attempt to give him an alibi. In such matters of strategy, we accord great deference to the decisions of counsel. Strickland, supra, 466 U.S. at 690, 104 S. Ct. at 2066, L. Ed. 2d at 695 (1984) (finding that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[]"). We do not second-guess that decision.

With regard to the second prong, if Haher would have been as credible a witness during the trial as she was during the PCR evidentiary hearing, the testimony would not have made any difference to the outcome. That outcome was driven by the co-defendant's testimony implicating defendant in the crime and defendant's own incriminating statement to Spano with regard to the make of the vehicle used in the robbery. Having failed to meet either prong of the <u>Strickland</u> test, defendant's appeal must be denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3681-15T4